Filed 8/15/23  P. v. Gonzalez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>IVAN GONZALEZ,<br><br>    Defendant and Appellant. | G062068<br><br>(Super. Ct. No. 18CF0125)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2019, Ivan Gonzalez was convicted of second-degree implied malice murder, pursuant to *People v. Watson* (1981) 30 Cal.3d 290, 296–297, in which the California Supreme Court held an intoxicated driver who causes a fatal collision may be convicted of second degree murder based upon implied malice under certain circumstances. In 2022, Gonzalez filed a petition for resentencing pursuant to Penal Code section 1172.6 (section 1172.6). The trial court denied the order, finding Gonzalez failed to make a prima facie case for relief because the record of conviction showed he was the actual killer and was convicted under an implied malice theory, which remains a viable theory of murder under Senate Bill No. 1437.

Gonzalez appealed, and his appointed counsel filed a no-issues brief under the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 (*Delgadillo*). Subsequently, this court sent a letter advising Gonzalez he had 30 days to file any supplemental brief deemed necessary, or the matter may be dismissed as abandoned. He did not file a supplemental brief. Although Gonzalez did not file a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's brief. As discussed below, we find no reasonably arguable issues on appeal, and the issues suggested by counsel have no merit. We therefore affirm.

I

FACTS AND PROCEDURAL HISTORY

On October 21, 2019, a jury convicted Gonzalez of second-degree murder, driving under the influence of alcohol causing bodily injury, and driving with a blood alcohol level of 0.08% or more. It also found true two prior conviction enhancements and found true the allegation that Gonzalez personally inflicted and caused the victim to suffer great bodily injury (GBI). Gonzalez was sentenced to 22 years to life.

This court affirmed the judgment in an unpublished opinion. (*People v. Gonzalez* (2021) G058949 [unpub. opn.].) In our opinion, we described the underlying facts as follows: "In January 2018, after consuming several alcoholic drinks at a bar,

2

Gonzalez drove his vehicle on the wrong side of Interstate 5. He collided head on with a vehicle traveling in the correct direction, killing the vehicle's driver and severely injuring the passenger." (*Ibid.*) We rejected Gonzalez's contention that the trial court erred in denying his request to instruct on unconsciousness "per CALCRIM No. 626 because voluntary intoxication causing unconsciousness is not a defense to drunk driving implied malice murder." (*Ibid.*)

On July 5, 2022, appellant filed a petition for resentencing pursuant to section 1172.6. On July 14, 2022, the trial court appointed counsel for appellant. On August 25, 2022, the district attorney filed an opposition, attaching the record of conviction, including the charging documents, jury instructions, jury verdicts, the abstract of judgment, and our prior appellate opinion on Gonzalez's direct appeal.

Following a hearing on the resentencing petition on November 30, 2022, the trial court denied the petition. It explained:

> "The court reviewed the jury instructions that were given to the jury. The jury was instructed with CALCRIM 520, murder with malice aforethought. The jury was not instructed with a natural and probable cause theory of murder nor with felony murder. Additionally, the jury was instructed with both CALCRIM 2100 and 2101 which instruct the jury that the defendant drove the vehicle.
>
> "The [c]ourt reviewed the jury verdict forms. Mr. Gonzalez was found guilty on Counts 1, 2 and 3, and the jury found true that Mr. Gonzalez personally inflicted great bodily injury[.]
>
> "In reviewing the court's record stated above, those documents contain facts that refute the allegations made in the petition. The petition is meritless. The defendant was convicted on an implied malice aforethought theory of murder and was the actual killer."

3

II

DISCUSSION

Following *Delgadillo* guidelines, we have reviewed counsel's brief and the appellate record. To assist the court in its review, counsel identified two issues for our consideration: (1) Whether the trial court erred in making a factual determination that appellant was the actual killer based upon the jury instructions? (2) Because voluntary intoxication is not a defense to implied malice murder, is malice (as conscious disregard) being imputed to the defendant based on the crime of driving under the influence?

Our independent review of the entire record, including the matters identified by counsel, does not show the existence of an arguable issue. We need not address whether Gonzalez is eligible for resentencing relief under the second identified issue because Gonzalez is statutorily ineligible as the actual killer. The jury instructions given and the verdicts returned conclusively establish that the jury convicted Gonzalez of murder based on a finding that he was the actual killer. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 233 [defendant "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"]; *People v. Harden* (2022) 81 Cal.App.5th 45, 59 [trial court properly denied resentencing petition at prima facie stage where "record of conviction [the jury instructions and verdicts] conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that [petitioner] was the actual killer."].) Specifically, the true findings on the GBI enhancement support the implied finding that Gonzalez was the actual killer. (*People v Harden*, *supra*, 81 Cal.App.5th at pp. 54–55.) Consequently, we affirm the order denying the petition for resentencing.

## III

### DISPOSITION

The order denying Gonzalez's petition for resentencing is affirmed.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P.J.


GOETHALS, J.